## WILLIAM T. LEGGETT *vs.* WILLIAM P. BAKER.

If a sale of goods is made by a debtor which, though not fraudulent at common law, is in violation of our insolvent laws, and the goods are attached by a creditor while in the hands of the purchaser, and are held until the institution of proceedings in insolvency and the choice of an assignee, and are then delivered to the assignee, these facts may be shown in mitigation of damages, in an action brought by the purchaser against the attaching creditor.

FOSTER, J. This is an action of tort, with one count in trespass *quare clausum,* and one in the nature of trover, against a deputy sheriff to recover damages for attaching the goods of the plaintiff upon a writ against Eli Thayer, Jr., who became an insolvent debtor a few days after the attachment, and before the trial of the present cause. In mitigation of damages, the

defendant sought to prove that he had delivered the property to the assignee in. insolvency, and that the nominal sale from Thayer to the plaintiff was fraudulent and void as against said insolvency proceedings; in other words, that the assignee was legally entitled to the property, and had actually received it.

Upon the question whether the sale was in fraud of the insolvent laws, the defendant asked the court to instruct the jury that, if Thayer at the time of the alleged sale was insolvent, and Leggett had reasonable cause to believe him insolvent, and if the sale was made with a view to prevent the property from being distributed under the laws relating to insolvency, such sale would be void as against the assignee; and if the defendant, acting in his official capacity as messenger, afterwards delivered it to the assignee, this should be taken into account in mitigation of damages, and the plaintiff could recover damages only for the interference with the property and its detention till it was delivered to the assignee; and also, if the alleged sale was not made in the usual and ordinary course of Thayer's business, that fact would be *prima facie* evidence that Leggett had reasonable cause to believe Thayer insolvent, and that the sale was made in violation of the insolvent laws of the Commonwealth. But the judge declined to give these instructions, and ruled that the provisions of the insolvent laws did not in any way apply to the questions at issue in this case, and could not be invoked in aid of the defendant, who represented a creditor attempting to recover his debt by an attachment; and that the plaintiff, if he was entitled to recover at all, was entitled to recover the fair market value of the property at the time it was taken.

We are of opinion that the instructions asked for by the defendant were substantially correct, and should have been given. The evidence in mitigation of damages was admissible, both in reply to the count in trespass *quare clausum* and to that in trover. No allegation on the subject in the answer was necessary. It would have been equally admissible even after a default, upon a hearing to assess damages. If the plaintiff had been compelled to pay the assignee the value of this property on the ground that

his title was void as against the proceedings in insolvency, he could have shown in reduction of damages in this case that the assignee had elected to avoid the sale and had received the property from the deputy sheriff. The assignee could have replevied the property from the defendant, or have demanded it of him and sued him in trover upon a refusal to deliver it up.

The defendant, if satisfied of the fraudulent character of the sale, did only his duty in surrendering the property to the assignee. By doing so without suit, he of course assumed the burden of establishing the fraudulent character of the plaintiff's title. *Gardner* v. *Lane,* 9 Allen, 492, contains nothing contrary to the opinion now expressed. That was replevin, in which the result depended upon the state of the title at the date of the writ, and the defendant could not show, to defeat the action, that since it was commenced the plaintiff's title to the property, good at common law, had become liable to be set aside in favor of an assignee in insolvency.

Even in that case, upon the question of a judgment for a return or upon a suit on the replevin bond, it would seem to have been competent to prove that the property actually belonged to the assignee, and had been received by him. *Kimball* v. *Thompson,* 4 Cush. 441. *Exceptions sustained.*

*N. Morse, H. J. Boardman & C. Blodgett, Jr.,* for the defendant, cited *Fowler* v. *Gilman,* 13 Met. 267; *Chamberlin* v. *Shaw,* 18 Pick. 283; 2 Greenl. Ev. § 649.

*J. F. Pickering,* for the plaintiff.